# UNITED STATES DISTRICT COURT

Eastern District of Oklahoma

UNITED STATES OF AMERICA
**v.**
KENDALL WAYNE WOLF

**JUDGMENT IN A CRIMINAL CASE**

Case Number: CR-10-00088-002-JHP

USM Number: 05611-063

Rex Earl Starr
Defendant's Attorney

**THE DEFENDANT:**

■ pleaded guilty to count(s)   1 and 2 of the Superseding Indictment

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1151, 1153, 2111 & 2 | Robbery | November 5, 2010 | 1 |
| 18:924(c)(1)(A)(iii) & 2 | Possession of a Firearm During the Commission of a Crime of Violence | November 5, 2010 | 2 |

     The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to Title 18, Section 3553(a) of the United States Criminal Code.

☐ The defendant has been found not guilty on count(s)

■ Count(s)   1 & 2 of the Indictment     ☐ is    ■ are   dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 11, 2011
Date of Imposition of Judgment

*/s/ James H. Payne*
James H. Payne
United States District Judge
Eastern District of Oklahoma

E.O.D. 8/12/2011
Date

DEFENDANT: Kendall Wayne Wolf
CASE NUMBER: CR-10-00088-002-JHP

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of: __27 months on Count 1 and 120 months on Count 2 of the Superseding Indictment__

The term of imprisonment on Count 2 shall be served consecutive to the term imposed on Count 1.

■ The court makes the following recommendations to the Bureau of Prisons:

That the Bureau of Prisons evaluate the defendant and determine if the defendant is a suitable candidate for the Intensive Drug Treatment Program. Should the defendant be allowed to participate in the program, it is further recommended that the defendant be afforded the benefits prescribed and set out in 18 U.S.C. § 3621(e) and according to Bureau of Prisons' policy.

That the defendant be placed in a federal facility as close to home as possible to facilitate family contact.

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 12:00 Noon on _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Kendall Wayne Wolf
CASE NUMBER: CR-10-00088-002-JHP

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

36 months on Count 1 and 36 months on Count 2 of the Superseding Indictment. The terms of supervised release shall run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) The defendant shall submit to urinalysis testing as directed by the Probation Office.

DEFENDANT: Kendall Wayne Wolf
CASE NUMBER: CR-10-00088-002-JHP

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program approved by the United States Probation Office for the treatment of narcotic addiction, drug dependency, or alcohol dependency, which will include testing to determine if he has reverted to the use of drugs or alcohol. If it is determined by the Probation Officer that the defendant is in need of a residential drug/alcohol treatment program, he shall participate in such treatment as directed by the Probation Officer and remain in the treatment facility until successfully discharged.

DEFENDANT: Kendall Wayne Wolf
CASE NUMBER: CR-10-00088-002-JHP

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 0.00 | $ 200.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

■ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Stilwell Smoke Shop<br>119 West Cedar<br>Stilwell, OK 74960 | $200.00 | $200.00 | |
| **TOTALS** | $ 200.00 | $ 200.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the    ☐ fine   ☐ restitution.

  ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Kendall Wayne Wolf
CASE NUMBER: CR-10-00088-002-JHP

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ■ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ■ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ■ Special instructions regarding the payment of criminal monetary penalties:

Said special assessment of $200 is due immediately. Said restitution of $200 is due and payable immediately.

Said special assessment and restitution shall be paid through the United States Court Clerk for the Eastern District of Oklahoma, P.O. Box 607, Muskogee, OK 74402.

If the defendant's financial condition does not allow for immediate payment of the restitution, the defendant shall make monthly installments of not less than $25, to begin no later than sixty days from defendant's release. Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon non-exempt property of the defendant discovered before or after the date of this judgment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

■ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Tommy Hawk Duncan, CR-10-00088-001-JHP, $200.00, Stilwell Smoke Shop
Kendall Wayne Wolf, CR-10-00088-002-JHP, $200.00, Stilwell Smoke Shop

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.